UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-01998 AB (FFMx)<br>**CV 20-00258 AB (FFMx)**<br>ML 18-02814 AB (FFMx) | Date: | May 14, 2020 |
|---|---|---|---|
| Title: | *Joseph Strohman v. Ford Motor Company et al.*<br>***Deborah Camara v. Ford Motor Company et al.,***<br>member cases in *In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Lit.* | | |

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> MOTION FOR REMAND IN *STROHMAN*, CV 20-01988, AND <u>SUA SPONTE</u> REMANDING *CAMARA*, CV 20-00258

Before the Court is Plaintiff Joseph Strohman's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 9). Defendant Ford Motor Company ("Defendant") filed an opposition and Plaintiff filed a Reply. The Motion is **GRANTED**. The Court also *sua sponte* <u>REMANDS</u> *Deborah Camara v. Ford Motor Company et al.*, CV 20-00258 AB (FFMx).

**I.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See*

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. And while "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The defendant must establish the amount in controversy by the preponderance of the evidence. *See Dart*, 135 S. Ct. at 553-54.

## II.   DISCUSSION

### A. The Amount In Controversy Is Not Satisfied In *Strohman*.

Plaintiff Strohman's Complaint, filed in state court, alleges related warranty and lemon law claims under the Song-Beverly Act, and a claim under Cal. Bus. & Prof. Code §17531 and § 17535, against Defendant arising out of alleged defects in a 2013 Ford Focus that Plaintiff purchased in 2015. *See* Compl. (Dkt. No. 1-2) ¶ 6. Defendant removed the action based on diversity jurisdiction. Plaintiff now moves to remand on the ground that Defendant has not established either the amount in controversy or complete diversity of citizenship because Plaintiff anticipates amending the Complaint to add a non-diverse citizen.

The Court concludes that Defendant has not established that the amount in controversy is satisfied. Defendant argues that Plaintiff's actual damages plus a two-times civil penalty and attorneys' fees available under Song-Beverly together satisfy the amount in controversy. Because Plaintiff does not plead what he paid for the vehicle, whether it was new or used, or, according to Defendants, any facts that would allow it to ascertain this information, Defendant assumes that the vehicle was used and relies on the Kelly Blue Book to estimate that Plaintiff paid about $9,850 for it. *See* Notice of Removal ¶ 19. This amount, plus the maximum two-times civil penalty, equals $29,550.[1] This is $45,451 short of satisfying the amount in controversy. Defendant argues that the attorneys' fees Plaintiff seeks would cause the amount in controversy to be satisfied, and cites a number of lemon law cases in which attorneys' fees ranging from $60,000 to $355,680 were sought or awarded. But Plaintiff's counsel has filed a declaration attesting to having brought dozens of lemon law cases against Defendant, and "Defendant knows that it has never had to pay $65,000 (or even a third of that amount) in attorney's fees to resolve any of these cases." *See* Goldsmith Decl. (Dkt. No. 12) ¶¶ 3-4. Based on that representation, the Court find that Defendant has not established by a preponderance of the evidence that the amount in controversy is actually satisfied in this case, with these claims, brought by this counsel. The Court will therefore grant the Motion for Remand. Because the amount in controversy is not satisfied, the Court will not address whether there is complete diversity between the parties.

The Court denies Plaintiff's request for an award of $1,929 in attorneys' fees he incurred to bring this motion. "Absent unusual circumstances, courts may award

---

[1] This total does not take into consideration any offsets that would reduce the damages.

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although it is a close call, the Court finds that Defendant's basis for removal was sufficiently reasonable to deny the fee request.

### B. The Amount In Controversy Is Not Satisfied in *Camara*.

Plaintiff Camara, represented by the same counsel representing Strohman, filed a similar lawsuit in state court asserting the same claims. Defendant's Notice of Removal provides a similar calculation for the amount in controversy. The purchase price of Camara's vehicle was $12,275, so damages plus a two-times civil penalty puts $36,825 in controversy. *See* Notice of Removal ¶ 19. Defendant argues that attorneys' fees make up the difference to satisfy the amount in controversy. But Defendant's Notice of Removal relies on the same lemon law cases referenced above with respect to the *Strohman* Motion. Because *Camara* is indistinguishable from *Strohman* in all material respects relative to the amount in controversy, the Court finds it appropriate to extend the same reasoning to *Camara*. The Court therefore finds that Defendant has not established the amount in controversy is actually satisfied in this case, brought by this counsel, especially in light of counsel's declaration in *Strohman*. The Court therefore finds that the amount in controversy is not satisfied in *Camara* for the same reasons it is not satisfied in *Strohman*, and will sua sponte remand *Camara*.

## III. CONCLUSION

Plaintiff Strohman's Motion for Remand is **GRANTED**, but his request for fees is denied.

The Court **REMANDS** the *Strohman* action (CV 20-01998 AB (FFMx)) back to the state court from which it was removed.

The Court also **SUA SPONTE REMANDS** the *Camara* action (CV 20-00258 AB (FFMx)) back to the state court from which it was removed.

**IT IS SO ORDERED**.